60 F.3d 830
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Robert Tyrone LENON Appellant,
v.
Orville B. PUNG, Commissioner of Corrections, State of
Minnesota, Appellee.
 No. 94-2241.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 17, 1995.
Filed: July 14, 1995.
 
 Before MAGILL, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Robert Tyrone Lenon appeals from a judgment in favor of Orville B. Pung, Warden, denying his petition for writ of habeas corpus brought under 28 U.S.C. Sec. 2254. Lenon was convicted of first degree criminal sexual conduct involving his then five-year old stepdaughter. Lenon argues that the district court erred in denying relief, as the evidence is insufficient to support the conviction. Further, he asserts he was denied effective assistance of counsel when counsel failed to move for dismissal, judgment of acquittal, or a new trial, and failed to submit a sentencing brief or oral argument presenting Minnesota case law supporting a downward departure from the sentencing guidelines. We affirm the judgment of the district court.[1]
 
 
 2
 Lenon was convicted of sexual abuse of his five-year old stepdaughter, and was sentenced to 81 months, which was reduced by the trial judge to 44 months because of ineffective assistance of counsel in raising the sentencing issue. The reduction was reversed and the original sentence reinstated.
 
 
 3
 The magistrate judge rejected the three claims asserted by Lenon for habeas relief, that there was insufficient evidence, ineffective assistance of counsel in failing to raise this issue, and ineffective assistance of counsel with respect to raising the sentencing issues. These three issues are argued again on this appeal.
 
 
 4
 The question of sufficiency of the evidence was raised on direct appeal by Lenon, and the court of appeals of Minnesota rejected Lenon's argument. The court held that the evidence supported findings that Lenon had sexually penetrated the five-year old stepdaughter with his fingers. The court referred to the conduct of the child after being picked up by the grandmother and to the grandmother's description of the child's condition. The examination of the doctor and the interview of the specialist describing the child's statements were recounted in detail. The child's conduct as described by the grandmother and her later refusal to go back to her mother's for Halloween were noted. Suffice it to say that the magistrate judge recounted the evidence in detail and concluded, consistent with the holding of the court of appeals of Minnesota, that there was sufficient evidence to support the conviction. While Lenon argues vigorously that the magistrate judge erred in this respect, our study of the record convinces us that the evidence was sufficient to support the conviction.
 
 
 5
 Lenon also argues that he was denied his right to effective assistance of counsel at trial. He first argues that counsel failed to raise the question of sufficiency of the evidence in either a motion for acquittal or a motion for a new trial. Whether or not counsel did so, on appeal the court of appeals of Minnesota rejected Lenon's claim that there was insufficient evidence to support the conviction, and the district court reached a similar ruling, which we have now affirmed. Accordingly, Lenon could not establish prejudice, as required by Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 6
 The second argument asserted by Lenon to establish ineffective assistance of counsel is that counsel failed to raise in the trial court the questions concerning his sentence. The record reflects, however, that the trial judge on post-trial motion, reduced Lenon's sentence from 81 months to 44 months, and this action was reversed by the Minnesota court of appeals which considered both the seriousness of the crime and the closeness of the case, and concluded that neither warranted a departure downward. In this respect also, Lenon cannot establish prejudice under Strickland.
 
 
 7
 The judgment of the district court is affirmed. See Eighth Circuit Rule 47B.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota